| | |
|---|---|
| TERRANCE J. SHAW,<br>                         Plaintiff,<br>V.<br>PAULS S. KEMPER, ET AL.,<br>Individual and Official Capacity,<br>                         Defendants. | Civil Action Number<br>U.S. DISTRICT COURT<br>FILED [Jury Demand]<br>2020 JAN 21-C-0049<br>CLERK OF COURT |

## 42 U.S.C. § 1983 COMPLAINT

COMES NOW, the Plaintiff, Terrance J. Shaw, "Shaw" hereafter, proceeding herein Pro-Se, pursuant to Title 42 U.S.C. Section 1983, with his Civil (Constitutional) Rights Violation Complaint. Shaw also brings this Complaint under Title 2 of the Americans with Disabilities Act (ADA), and Section 504, 42 U.S.C. Section 12131 (1)(B) 2001 of the Rehabilitation Act, (RA). The Court has Jurisdiction under Title 28 U.S.C. 1331 and 1334 (A)(B). All parties are sued under the Color of State Law, in Due Process Violations of the 1st, 5th, 8th and 14th Amendments in Not ensuring that Disabled Shaw could use the toilet; Their "Corrective Inaction" amounted to Deliberate Indifference.

### PARTIES

1.) Plaintiff Terrance J. Shaw, is an United States Citizen and an Adult Resident of the State of Wisconsin, and at all times relevant to this Action was confined as a State prisoner of the Racine Correctional Institution (RCI), located at: P.O. Box 900, Sturtevant, Wisconsin 53177-0900.

2.) Defendant Paul S. Kemper, is an United States Citizen and an Adult Resident of the State of Wisconsin, and at all times relevant to this Action was employed as the Warden of RCI, whose last known employment address was located at: RCI, 2019 Wisconsin Street, Sturtevant, Wisconsin 53177, and as such is responsible for the care, custody, and discipline of inmates under his charge, and also has a Duty to uphold and ensure that the ADA/RA Laws are not being Violated.

3.) Defendant Unit Manager Diebold, is an United States Citizen and an Adult Resident of the State of Wisconsin, and at all times relevant to this Action was employed as the Unit Manager of Jefferson Unit at RCI, whose last known employment address was located at: 2019 Wisconsin Street, Sturtevant, Wisconsin 53177, and has a Duty to uphold and ensure the ADA/RA Laws are not being Violated.

4.) Defendant Sergeant John Doe, is an United States Citizen and an Adult Resident of the State of Wisconsin, and at all times relevant to this Action was employed as the First Shift Sergeant on Jefferson Unit at RCI, whose last known employment address was located at: RCI, 2019 Wisconsin Street, Sturtevant, Wisconsin 53177, and has a Duty to uphold and ensure the ADA/RA Laws are not being Violated.

5.) Defendant Lieutenant Serrano, is an United States Citizen and an Adult Resident of the State of Wisconsin, and at all times relevant to this Action was employed as a Lieutenant at RCI, whose last known employment address was located at: RCI, 2019 Wisconsin Street, Sturtevant, Wisconsin 53177, and has a Duty to uphold and ensure the ADA/RA Laws are not being Violated.

6.) Defendant Michelle Bones, is an United States Citizen and an Adult Resident of the state of Wisconsin, and at all times relevant to this Action was employed as an Inmate Complaint Examiner (ICE) staff at RCI, whose last known employment address was located at: RCI, 2019 Wisconsin Street, Sturtevant, Wisconsin 53177, and has a Duty to uphold and ensure the ADA/RA Laws are not being Violated.

7.) Defendant Brad Hompe, is an United States Citizen and an Adult Resident of the State of Wisconsin, and at all times relevant to this Action was employed as the Corrections Complaint Examiner (CCE), whose last known employment address was located at: Department of Corrections, P.O. Box 7925, Madison, Wisconsin 53707-7925, and has a Duty to uphold and ensure the ADA/RA Laws are not being Violated.

8.) Defendant C. O'Donnell, is an United States Citizen and an Adult Resident of the State of Wisconsin, and at all times relevant to this Action was employed as the Office Of the Secretary (OOS), whose last known employment address was located at: Department of Corrections, P.O. Box 7925, Madison, Wisconsin 53707-7925, and has a Duty to uphold and ensure the ADA/RA Laws are not being Violated.

## STATEMENT OF FACTS

9.) On May 2, 2018, Plaintiff Shaw filed a (DOC-400) Inmate Complaint stating: Ms. Diebold needs to stop allowing the Guards to Not enforce ... the one Wheelchair Handicapped Disabled Bathroom Stall ... I was caused to have to Mess On Myself while waiting once this week and once last week.

10.) On May 16, 2018, Plaintiff Shaw wrote to Lieutenant Serrano stating: ICE M. Bones returned my DOC-400 Complaint dated May 2, 2018, back to me with directions that I first need to write to U.M. Ms. Diebold and you in an attempt to "resolve" my issue ... I wrote to Ms. Diebold on a DOC-761 dated April 30, 2018, but she has Refused to Respond.

11.) On May 18, 2018, Plaintiff Shaw filed an Addendum to his May 2, 2018 Complaint stating: Today I Again had to Mess My Pants because there was an Able-Bodied inmate in both of the Disability Handicapped Bathroom Stalls ... I went about 180-feet painfully dragging me and my wheelchair by my one foot ... that's when I had to Mess My Pants. (I was born in 1948.) I was unable to hold it any longer. This is the third (3rd) time I've had to endure 8th Amendment pain, suffering and humiliation.

12.) On June 4, 2018, the ICE issued a (DOC-410) ICE Receipt Complaint Number RCI-2018-12227 stating: The Handicapped Bathroom on the unit was being used by an Able-Bodied inmate and therefore he was unable to use the handicapped bathroom and therefore, was incontinent on himself.

13.) On June 12, 2018, ICE Bones issued a (DOC-401) to Dismiss RCI-2018-12227 by stating: "This Complaint is in direct relation to another inmate's actions, which are out of the institution's control."

14.) Plaintiff Shaw Contends that the above #13 Defendant Bones did Not ensure the ADA/RA Laws were not Violated.

15.) On June 28, 2018, Warden Paul s. Kemper issued a (DOC-403) Reviewing Authority's Decision Dismissing RCI-2018-12227 in support of the ICE Recommendation. See #13.

16.) Plaintiff Shaw Contends that the above #15 Defendant Paul S. Kemper did Not uphold his Duty and did Not ensure the ADA/RA Laws were not Violated.

17.) On June 29, 2018, Plaintiff Shaw filed a (DOC-405) Inmate Complaint Appeal in Complaint Number RCI-2018-12227 stating: I did too contact staff, and the Sergeant said he would write it in the Log Book. I don't have access to the Unit Staff's Log Book; You Do, so look for it. I told Unit Staff on each and every occasion that I had this problem, and they kind of smirked ... That one First Shift Sergeant said he would write it in the Unit Log Book. But No Staff, not even Jefferson Unit Manager, Ms. Diebold, used appropriate discretion and took appropriate steps to resolve the wheelchair accessible toilet stall with grab bars in it ... What happens out on the street when an able-bodied person uses Handicapped Parking (A Ticket and Fine) ... The WDOC Must obey the ADA/RA Laws ... Responsibility to Obey/Accommodate the ADA/RA Laws.

18.) Plaintiff Shaw Contends that Defendant Sergeant John Doe did Not uphold his Duty and did Not ensure the ADA/RA Laws were not Violated.

19.) Plaintiff Shaw Contends that Defendant Bones never investigated the First Shift Sergeant, Never searched the Log Book, and Never investigated Defendant Serrano, which further showcases she did Not uphold her Duty and did Not ensure the ADA/RA Laws were not Violated.

20.) Plaintiff Shaw Contends that Defendant Unit Manager (U.M.) Ms. Diebold did Not uphold her Duty and through a non-response did Not ensure the ADA/RA Laws were not Violated.

21.) Plaintiff Shaw Contends that Defendant Serrano did Not uphold his Duty and through a non-response did Not ensure the ADA/RA Laws were not Violated.

22.) On July 6, 2018, the CCE issued a (DOC-405A) CCE Receipt in Complaint Number RCI-2018-12227 stating: "The handicap bathroom on the unit was being used by an able-bodied inmate and therefore he was unable to use the handicapped bathroom and therefore was incontinent on himself."

23.) On July 12, 2018, the CCE Brad Hompe issued a (DOC-404) CCE Report Dismissing Complaint Number RCI-2018-12227 stating: "I have copied the unit manager so that she can determine if follow up is needed regarding keeping access of this area open to those that need accommodation."

24.) Plaintiff Shaw Contends that Defendant Hompe in the above #23 issued a "Corrective Inaction," and did Not uphold his Duty and did Not ensure the ADA/RA Laws were not Violated when he Dismissed Shaw's Complaint Appeal.

25.) Plaintiff Shaw Contends that Defendant Hompe's Report establishes that Defendants Diebold and John Doe's Actions do Not accommodate the Disabled Plaintiff Shaw, and there is a need regarding keeping access of this area open. See #23.

26.) On August 2, 2018, the Office Of the Secretary (OOS) Cindy O'Donnell Dismissed Complaint Number RCI-2018-12227 stating: "The Complainant's expectation that the handicap stall should be cordoned off and reserved for his use only is not reasonable. He should make his way to the restroom with plenty of time to spare to ensure if the handicap stall is in use, he will be there when it becomes available.

27.) Plaintiff Shaw Contends that Defendant O'Donnell's above #26 is an offhand, sarcastic response between Able-Bodied and the Disabled, in which Defendant O'Donnell did Not uphold her Duty and did Not ensure the ADA/RA Laws were not Violated.

28.) After the Decision of the Office Of the Secretary (OOS) there are no further Administrative Remedies available.

29.) After the Decision of the Office Of the Secretary (OOS) there are no further Administrative Remedies available.

## FIRST CAUSE OF ACTION

Realleging and incorporating herein by reference, paragraphs 1 through 29 of the Statement of Facts, Shaw alleges the Defendants are Violating Shaw's Constitutional Rights under the Americans With Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (RA) and the 1st, 5th, 8th, and 14th Amendments. Estelle v. Gamble, 429 U.S. 97 (1976); Gayton v. McCoy, 593 F. 3d 610 (7th Cir. 2010); United States v. Georgia, 546 U.S. 151, 126 S.Ct. 877 (2006); (Prisoners may sue a State for Monetary Damages under the ADA, A1 Title II of the ADA which abrogates State Soverign Immunity; Glaspy v. Malicoat, 134 F. Supp. 2d 890, 897

-3-

(W.D. Michigan 2001); Vance v. Peters, 97 F. 3d 987, 993 (7th Cir. 1996) (In Deciding whether an Official's Response was reasonable, a Court will most likely ask whether the official made a good-faith effort to investigate the problem and then fix it; It is Not enough to say 'Duly Noted' and then do nothing). Reed v. McBride, 178 F. 3d 849, 855 (7th Cir. 1999); See also, Dixon v. Godinez, 114 F. 3d 640, 644-45 (7th Cir. 1997) (Official Acted with Deliberate Indifference by telling inmates in protective custody unit - because of rise of gang retribution - to return to general population if they did not like the extreme cold. Simmons v. Look, 154 F. 3d 805, 808 (8th Cir. 1998) (Officer Never ensured that Paraplegic inmates ... could use the Toilet; their "Corrective Inaction" amounted to Deliberate Indifference).

### SECOND CAUSE OF ACTION

Realleging and incorporating herein by reference, paragraphs 1 through 29 of the Statement of Facts, Plaintiff Shaw alleges Defendants are in Violation of Title 29 U.S.C. Section 794 (a), "No otherwise qualified individual with a disability ... shall solely by reason of her or his disability be excluded from participating in, be denied the benefits of or subject to discrimination under any program or activity receiving Federal Assistance, or under any Program or Activity conducted by any Executive Agency." cf. Alexander v. Choate, 496 U.S. 287, 301, 105 S.Ct. 712, 720 (1985); Gregorie v. Class, 236 F. 3d 413, 418 (2nd Cir. 2000) Civilized measure of life's necessities, (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Haley v. Gross, 86 F. 3d 630, 642-43 (7th Cir. 1996), Affirming jury verdict of $1.65 Million Dollars for Plaintiff ... Officials simply ignored risk of harm; Palmer v. Franz, 928 F. 3d 560 (7th Cir. 2019); Updike v. City of Gresham, U.S.D.C. (D. Ore.) Case No. 3:13-CV-01619-SI: "Help to teach our government that they need to interact better with people who have disabilities." Farmer v. Brennan, 511 U.S. 825 (1994); Rehabilitation Act (RA) 29 U.S. C.S. §§ 701 et seq. provides handicapped with Affirmative Rights create private right of action, and does Not require exhaustion of Administrative Remedies. Adashunas v. Negley, (1970, Ca. 7 Ind.) 626 F. 2d 600; Johnson v. Lewis, 217 F. 3d 726, 734 (9th Cir. 2000) (Noted by Deputy Warden in post-incident report ... was evidence of Deliberate Indifference); Id. Haley at 642 (7th Cir. 1996) "Not required to produce a 'smoking gun' of Deliberate Indifference: Officials Cannot argue that they did Not know about a risk if you Told them about the risk in a Grievance." See, Delaney v. DeTellas, 256 F. 3d 679, 686 (7th Cir. 2001) This evidence can include ... even off-hand remarks. Id. Dixon at 645 (7th Cir. 1997) "Sarcastic Responses" of prison officials to inmate's complaints ... help raise a dispute about both [the officials] knowledge of the condition, and their refusal to take steps to prevent it," such a condition, if long-standing and uncorrected ... pose a substantial risk of serious harm to an inmate.

## RELIEF REQUESTED

1.) <u>Declaratory Judgment</u>, of an Order that the Agency's Policies, Procedures, and Criteria cited <u>Violated State</u> and Federal Laws pursuant to the 1st, 5th, 8th, and 14th Amendments of the United States Constitution, as well as the ADA/RA Laws.

2.) <u>Compensatory Damages</u>, from each of the Defendants for the amount of Two-Hundred and Fifty Thousand ($250,000.00) Dollars.

3.) <u>Punitive Damages</u>, from each of the Defendants for the amount of Two-Hundred and Fifty Thousand ($250,000.00) Dollars.

4.) <u>Presumed Damages</u>, from each of the Defendants for the amount of Two-Hundred and Fifty Thousand ($250,000.00) Dollars.

5.) <u>Consider Awarding Treble Money Damages</u>, due to the Defendant's Deliberate Indifference in the Violation of the ADA/RA Laws and a Disregard of the ADA/RA Laws causing Shaw to mess in his pants three (3) times (incontinent) and suffer pain and humiliation. The <u>Sarcastic Response</u> that Shaw's expectation that the handicapped stall should be cordoned off and reserved for his use only and that it is out of the institution's control to ensure that the disabled Shaw could use the toilet, plus their corrective inaction.

6.) <u>Declare That</u>, the Defendants have to take care of the Tax Burden that Plaintiff Shaw may incur from the Financial Damages Award in this Federal § 1983 Lawsuit.

7.) <u>Declare That</u>, the Defendants have to take care of Shaw's Attorney Fees and Costs in this Action.

8.) <u>Declare That</u>, Pay-To-Stay Policies do <u>Not</u> apply and will <u>Not</u> be subject to Wisconsin Statute 301.325 or any other Pay-To-Stay Fee or Policy, whether any such Act, Policy, or Provision exists now or in the future.

9.) <u>Declare That The Entire WDOC</u>, must revamp the ICRS over into an Independent/Neutral 3rd party and that it must be mandatory (so that the Fox is no longer guarding the Chicken Coop).

10.) <u>Declare That The Entire WDOC</u>, be Ordered to educate <u>All</u> employees on the 1st, 5th, 8th, and 14th Amendments, as well as the ADA/RA Laws.

11.) <u>Grant Plaintiff Shaw</u>, any and all other Relief that this Honorable Court deems just and fair.

12.) <u>All Defendants Are Sued</u>, in Both their Individual and Official Capacities so that the work place will follow the United States Constitution and Plaintiff seeks such Relief.

13.) <u>Plaintiff Shaw Demands</u>, a Trial by Jury on all matters Triable.

## CONCLUSION

WHEREFORE, Plaintiff Shaw Respectfully Pray this Honorable Court to <u>Grant</u> the Requested Relief sought herein.

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, <u>Terrance J. Shaw</u>, hereby Declare under the penalty of perjury that the foregoing is true and correct and that all copies and statements made herein are true and correct based on my personal knowledge, except those made upon information and belief.

Dated this 7th day of January, 2021.

Respectfully Submitted,

*Terrance J. Shaw*
Terrance  J.  Shaw
Racine Correctional Institution
P.O. Box 900
Sturtevant, WI 53177-0900

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

TERRANCE J. SHAW,

                Plaintiff,                **SUMMONS**

V.                                                  Case Number:_____

PAUL S. KEMPER, ET AL.,

                Defendants.

---

You are hereby Summoned and required to Serve upon Plaintiff, whose address is

_____,

and Answer to the Complaint which is herewith Served upon you within 20 days

after service of this Summons upon you, exclusive of the day of service or,

60 days if the United States Government or Officer/Agent is a Defendant.

If you Fail to do so, Judgment by Default will be taken against you for the

Relief Demanded in the Complaint.

Clerk of Court:

Date:_____

Terrance J. Shaw, #138254
Racine Correctional Institution
P.O. Box 900
Sturtevant, WI 53177-0900

January 7, 2021

Gina M. Colletti, Clerk of Court
United States District Court
Eastern District of Wisconsin
362 U.S. Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

JAN 11 2021

**21-C-0049**

Dear Clerk of Court:

Please find my enclosed 42 U.S.C. § 1983 COMPLAINT along with the check for the $400.00 Filing Fee, dated January 7, 2021. It is a 5-page §1983 Complaint plus a SUMMONS. Thank you for promptly taking care of my filing and getting me a Case Number.

Sincerely,

*Terrance J. Shaw*
Terrance J. Shaw

Enclosures: 42 U.S.C. § 1983 COMPLAINT and $400.00 Filing Fee.

Cc: file