# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE J. SHAW,<br><br>        Plaintiff,<br><br>v.<br><br>KEVIN CARR, ROBERT KRUEGER, JASON LINGAFELT, MICHELE OBUCINA, JIMMY CRUZ, WILLIAM LANGE, KEITH SPRINGSTUBE, KEITH CHRISTENSEN, SCOTT GUDAL, JUSTIN SCHULLER, and CHRISTIAN STOIBER,<br><br>        Defendants. | Case No. 20-CV-431-JPS<br><br>**ORDER** |
| TERRANCE J. SHAW,<br><br>        Plaintiff,<br><br>v.<br><br>KEVIN CARR and ROBERT KRUEGER,<br><br>        Defendants. | Case No. 20-CV-716-JPS<br><br>**ORDER** |
| TERRANCE J. SHAW,<br><br>        Plaintiff,<br><br>v.<br><br>BRIAN CHAPMAN, TONYEKA NOEL and TODD THILLEMANN,<br><br>        Defendants. | Case No. 20-CV-852-JPS<br><br>**ORDER** |

| | |
|---|---|
| TERRANCE J. SHAW,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>PAUL S. KEMPER, KRUEGER, SERGEANT PARKER, C.O. COLLINS, L. BECHER, M. GREENWOOD, A. BOATWRIGHT, C. ODONNELL, and MR. LITCHER,<br><br>　　　　　　　　Defendants. | Case No. 20-CV-1609-JPS<br><br>**ORDER** |
| TERRANCE J. SHAW,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>PAUL KEMPER, UNIT MANAGER DIEBOLD, LIEUTENANT SERRANO, MICHELLE BONES, BRAD HOMPE, C. ODONNELL, and JOHN DOE,<br><br>　　　　　　　　Defendants. | Case No. 21-CV-49-JPS<br><br>**ORDER** |
| TERRANCE J. SHAW,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>PAUL S. KEMPER, JASON WELLS, JACK F. CHIOVATERO, RANDY MILLER, LEAH M. ZENI, DEPUTY WARDEN JOHNSON, SECURITY DIRECTOR O'NEIL, and KEVIN CARR,<br><br>　　　　　　　　Defendants. | Case No. 21-CV-163-JPS<br><br>**ORDER** |

| | |
|---|---|
| TERRANCE J. SHAW,<br><br>Plaintiff,<br><br>v.<br><br>PAUL S. KEMPER, CAPTAIN CHAPMAN, MS. JAGODZINSKI, MICHELLE BONES, JON E. LITSCHER, and DEPUTY WARDEN JOHNSON<br><br>Defendants. | Case No. 21-CV-303-JPS<br><br>**ORDER** |
| TERRANCE J. SHAW,<br><br>Plaintiff,<br><br>v.<br><br>PAUL S. KEMPER, MS. DIEBOLD, SERGEANT MAYS, MICHELLE BONES, BRAD HOMPE, and CINDY ODONNELL,<br><br>Defendants. | Case No. 21-CV-323-JPS<br><br>**ORDER** |
| TERRANCE J. SHAW,<br><br>Plaintiff,<br><br>v.<br><br>PAUL S. KEMPER, LAURA FRAZIER, and MICHELLE BONES,<br><br>Defendants. | Case No. 21-CV-335-JPS<br><br>**ORDER** |

| | |
|---|---|
| TERRANCE J. SHAW, TYRONE M. WESLEY, LEVELT MUGRAVES, MICHAEL MOORE, JARMAL NELSON, SAUL CORREA, DANIEL SABAH, and MARK PRATHER,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL S. KEMPER, JASON WELLS, STEPHANIE ONEIL, LIEUTENANT CRUZ, LEAH M. ZENI, EMILY DAVIDSON, CINDY ODONNELL, and JOHN/JANE DOE 1–21,<br><br>Defendants. | Case No. 21-CV-622-JPS<br><br>**ORDER** |
| TERRANCE J. SHAW,<br><br>Plaintiff,<br><br>v.<br><br>PAUL S. KEMPER and GUDAL,<br><br>Defendants. | Case No. 21-CV-636-JPS<br><br>**ORDER** |

Mr. Terrance J. Shaw ("Shaw"), an inmate at Racine Correctional Institution, has filed fourteen cases within the last fifteen months. All of Shaw's cases are § 1983 civil rights cases. Specifically, Shaw has filed the following cases:

| Date Filed | Case Number | Disposition |
|---|---|---|
| 2/21/2020 | 20-CV-294 | Dismissed with a strike because the action was barred by res judicata/claim preclusion |
| 3/19/2020 | 20-CV-431 | Pending |
| 4/13/2020 | 20-CV-599 | Dismissed with a strike for failure to state a claim |
| 5/11/2020 | 20-CV-716 | Pending |
| 5/27/2020 | 20-CV-797 | Dismissed with a strike for failure to state a claim |
| 6/5/2020 | 20-CV-852 | Pending |
| 10/22/2020 | 20-CV-1609 | Pending |
| 1/12/2021 | 21-CV-49 | Pending |
| 2/10/2021 | 21-CV-163 | Pending |
| 3/10/2021 | 21-CV-303 | Pending |
| 3/12/2021 | 21-CV-323 | Pending |
| 3/15/2021 | 21-CV-335 | Pending |
| 5/19/2021 | 21-CV-622 | Pending |
| 5/21/2021 | 21-CV-636 | Pending |

The right of access to federal courts is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed ... no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion

an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (citations omitted). "Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing bars in perpetuity." *Id.* (citations omitted); *Smith v. United States Cong.*, No. 19-CV-1001-PP, 2019 WL 6037487, at *9 (E.D. Wis. Nov. 14, 2019).

Under the circumstances presented by Shaw having filed fourteen cases within fifteen months, the Court finds it appropriate to impose a pre-filing injunction against Shaw. The pre-filing injunction will be narrowly tailored to not bar access to the court indefinitely, while permitting Shaw to have no more than two cases pending simultaneously. Specifically, hence forward, the Court bars Shaw from filing any new civil cases in this district from the date of this Order. The pre-filing injunction will end when Shaw's cases referenced herein are reduced to a maximum of two pending cases at any one time.

Accordingly,

**IT IS ORDERED** that Plaintiff Terrance J. Shaw is **BARRED** from filing any new civil cases in this district until such time as the number of Shaw's pending cases is reduced to two, the maximum number of cases he may have pending at any one time; and

**IT IS FURTHER ORDERED** that, consistent with the terms of this Order, the Clerk of Court shall return any new case filings received from, or on behalf of, Terrance J. Shaw back to him unfiled, together with a copy of this Order.

Dated at Milwaukee, Wisconsin, this 26th day of May, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge