# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW,

              Plaintiff,

v.

PAUL KEMPER, UNIT MANAGER DIEBOLD, JOHN DOE, LIEUTENANT SERRANO, MICHELLE BONES, BRAD HOMPE and C ODONNELL,

              Defendants.

Case No. 21-CV-49-JPS

**ORDER**

Plaintiff Terrance J. Shaw, a former inmate confined at Racine Correctional Institution ("RCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act (the "ADA"), and the Rehabilitation Act (the "RA"). (Docket #1). Plaintiff paid the full filing fee with his complaint. This Order screens his complaint.

1. **SCREENING THE COMPLAINT**

    1.1    **Federal Screening Standard**

Under the PLRA, a court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). a court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, a court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone acting under the color of state law deprived him of a right secured by the Constitution or the laws of the United States. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

The alleged events took place while Plaintiff was an inmate at RCI. (Docket #1). Plaintiff requires the use of a wheelchair and a handicap bathroom stall with grab bars. (*Id.* at 2–3). On three occasions in April and May 2018, Plaintiff went to the bathroom in his housing unit and found that able-bodied inmates were using both of the handicap bathroom stalls. (*Id.* at 2). Plaintiff was unable to use the other bathroom stalls and was

Page 2 of 6
Case 2:21-cv-00049-JPS   Filed 11/23/21   Page 2 of 6   Document 6

incontinent on himself. (*Id.*) Plaintiff states that Defendant Unit Manager Ms. Diebold ("Diebold") should have directed the guards to make sure no able-bodied inmates used the handicap bathroom stalls and that she violated the ADA and the RA when she did not. (*Id.*) Plaintiff submitted several inmate complaints alleging that the ADA and the RA were being violated because able-bodied inmates were using the handicap bathroom stalls and stated that these bathrooms needed to be vacant unless used by a handicapped inmate. (*Id.* at 2–3). The inmate complaints were dismissed, and Plaintiff's appeals were dismissed as well. (*Id.*)

### 1.3 Analysis

Although Plaintiff claims that Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights, he has not pleaded facts that sufficiently state a claim under any of those constitutional amendments. Instead, Plaintiff's main focus throughout his complaint is on the alleged violation of his rights under the ADA and the RA. Therefore, the Court will address only Plaintiff's ADA and RA claims.

Title II of the ADA "prohibits a 'public entity' from discriminating against a 'qualified individual with a disability' on account of that disability," and it applies to state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 206 (1998) (quoting 42 U.S.C. § 12132). To establish an ADA claim, "the plaintiff must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability." *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (quoting 42 U.S.C. § 12132). The analysis under the RA, 29 U.S.C. § 794, is essentially the same, except that the RA includes an additional element, requiring that the entity

denying access receive federal funds. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (noting that ADA and RA standards are "functionally identical").

To state a claim under the RA, a plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the Department of Corrections ("DOC") denied him access to a program or activity because of his disability." *Jaros*, 684 F.3d at 671–72 (citations omitted). The Seventh Circuit has recognized that disability discrimination under the RA can be established in three different ways: "(1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's rule disproportionally impacts disabled people." *A.H. by Holzmueller v. Illinois High Sch. Ass'n*, 881 F.3d 587, 592–93 (7th Cir. 2018) (quoting *Washington v. Ind. High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 847 (7th Cir. 1999)).

At the screening stage, the Court will assume that Plaintiff is a qualified person and that he has a disability because he requires a wheelchair. However, Plaintiff has not met the third prong that the DOC denied him access to a program or activity because of his disability. Plaintiff's allegations are of an inconvenience, not an ADA or RA violation. Plaintiff alleges no discrimination based on any alleged disability. Moreover, he is not complaining that he has been excluded from or denied access to any prison service, program, or activity. Rather, Plaintiff complains that he had had to wait to use the handicap stall because an able-bodied inmate was using it. The ADA and the RA, however, do not provide a remedy for inconvenience. *See Wagoner v. Lemmon*, 778 F.3d 586, 593 (7th Cir. 2015) (concluding that the inconvenience of transport in a noncompliant van does not amount to denial of services). Therefore,

because Plaintiff was not denied access to a program or activity under the ADA or the RA, he has failed to state a claim for a violation of either.

## 2. CONCLUSION

In sum, Plaintiff has failed to state an ADA or RA claim or a claim under the First, Fifth, Eighth, and Fourteenth Amendments. Thus, the Court will dismiss Plaintiff's case with prejudice for failure to state a claim.

Accordingly,

**IT IS ORDERED** that this case be and same is hereby **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more

than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of November, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge